UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ESLAM HASSAN,

                        Plaintiff,

-against-

CORRECTION OFFICER JANE DOE;
CORRECTION OFFICER JOHN DOE; CAPTAIN
JOHN DOE; NURSE JOHN DOE; CAPTAIN
WILLIAMS; CORRECTION OFFICER BROWN;
C.O. WITKINS; C.O. BLACK; C.O. JOHN DOE;
C.O. JOHN DOE; CAPTAIN JOHN DOE;
CAPTAIN JANE DOE; PSYCKE CLINICIAN
JOHN DOE; SOCIAL WORKER JANE DOE; C.O.
JOHN DOE; CAPTAIN MARRAL; CAPTAIN
WHITE; C.O. DAVIS; C.O. RODRIGUEZ #11007;
C.O. JOHN DOE #8724; C.O. PAUL; C.O.
ATKINS; C.O. JOHN DOE; C.O. JANE DOE; C.O.
JOHN DOE; PSYCKE CLINICIAN/SOCIAL
WORKER JANE DOE; WARDEN CLAYTON
AUGUSTUS; COMMISSIONERS AND
SUPERVISORS JOHN and JANE DOES, sued
municipal liability and individually and in their
official capacities,

                        Defendants.

19-CV-8864 (AJN)

ORDER OF SERVICE

NOV 2 2 2019

ALISON J. NATHAN, United States District Judge:

    Plaintiff, currently incarcerated at Marcy Correctional Facility, brings this *pro se* action under 42 U.S.C.§ 1983, alleging that Defendants were deliberately indifferent to his serious mental health and medical needs, and used excessive force against him, while he was detained at the Anna M. Kross Center (AMKC) on Rikers Island. By order dated October 7, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.[1]

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. See 28 U.S.C. § 1915(b)(1).

## STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

### A. Supervisory Defendants

Plaintiff bring claims against Warden Clayton Augustus, and unidentified supervisors and commissioners. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) (citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). A defendant may not be held liable under § 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). It is clear that Plaintiff seeks to bring claims against Warden Augustus and the unidentified supervisors and commissioners simply because of their supervisory roles rather than their actual personal involvement in the events underlying his claims. Plaintiff's claims against Warden Clayton Augustus and the John and Jane Doe supervisors and commissioners are therefore

2

dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.     Waiver of Service**

The Clerk of Court is directed to notify the New York City Department of Correction (DOC) and the New York City Law Department (Law Department) of this order. The Court requests that the City of New York; Captains Williams, Marral and White; and Correction Officers Brown, Witkins, Black, Davis, Rodriguez #11007, John Doe #8724, Paul, and Atkins waive service of summons.

**C.     John and Jane Doe Defendants**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). But the complaint does not supply sufficient information to permit the New York City Law Department to identify the Doe defendants. Plaintiff asserts that the underlying events occurred on August 11, 2016, and August 20, 2016, through August 22, 2016, but he does not specify the day on which each Doe defendant was working. Plaintiff is directed to file an amended complaint within thirty days of the date of this order in which he provides more detailed, descriptive information for each of the Doe defendants. If Plaintiff files an amended complaint providing adequate information about the Doe defendants and stating claims against those defendants, the Court will issue a *Valentin* order.

**D.     Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of the

date of this order, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[2]

E. **Application for *Pro Bono* Counsel**

Plaintiff submitted an application for the Court to request *pro bono* counsel (ECF No. 4). The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers*, 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because it is too early in the proceedings for the Court to assess the merits of the action, Plaintiff's motion for counsel is denied without prejudice to renewal at a later date.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Court dismisses Plaintiff's claims against Warden Clayton Augustus and the John and Jane Doe supervisors and commissioners. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's application for counsel (ECF No. 3) is denied without prejudice to renewal at a later date.

The Clerk of Court is instructed to electronically notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that Defendants the City of New York; Captains Williams, Marral, and White; and Correction

---

[2] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

Officers Brown, Witkins, Black, Davis, Rodriguez #11007, John Doe #8724, Paul, and Atkins waive service of summons.

Local Civil Rule 33.2 applies to this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: Nov 22, 2019
New York, New York

_____
ALISON J. NATHAN
United States District Judge